### WAKEFIELD et al. v. STREET.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1. MUNICIPAL COURT—JUDGMENT OF DISMISSAL ON THE MERITS—WHEN AUTHORIZED.

Under the New York Municipal Court Act, Laws 1902, p. 1561, c. 580, §§ 248, 249, providing that where plaintiff does not prove his case the judgment must be that of dismissal with costs, without prejudice to a new action, and declaring that a judgment of dismissal on the merits can only be granted where at the close of the case the court is of the opinion that plaintiff is not entitled to recover as a matter of law, the Municipal Court, in an action for the recovery of commissions for the sale of property, was not authorized to dismiss the complaint on its merits because plaintiff failed to prove that he was the procuring cause of the sale.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Albert C. Wakefield and another against Charles G. Street. From a judgment of the Municipal Court of the city of New York directing a dismissal of the complaint on the merits at the close of the plaintiffs' evidence, plaintiffs appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Ralph Stout, for appellants.
Andrew J. Shipman, for respondent.

PER CURIAM. This is an action by real estate brokers to recover commissions for effecting a sale of property belonging to the defendant. At the close of the evidence in behalf of the plaintiffs, a motion to dismiss the complaint was made and granted. We think that this disposition of the case was correct, inasmuch as the plaintiffs had failed to prove that they were the procuring cause of the sale. It was error, however, to render a judgment dismissing the complaint upon the merits. The New York Municipal Court Act provides that, where the plaintiff does not prove his cause of action, the judgment must be that the action be dismissed, with costs, without prejudice to a new action. Laws 1902, p. 1561, c. 580, § 248. A judgment of dismissal on the merits can be granted only where, at the close of the whole case, the court is of opinion that the plaintiff is not entitled to recover as matter of law, or where the court sustains a demurrer and no leave to plead over is granted. Id. § 249.

The judgment must be modified by striking out the words "on the merits," and inserting in lieu thereof the words "without prejudice to a new action," and, as thus modified, affirmed, without costs of this appeal to either party.